holder for the amount of his subscription, and are not obliged to resort to a sale of his shares.

[This was an action on the case by the president, managers, and company of the Rockville & Washington Turnpike Road against George P. Maxwell.]

This was a case like the preceding case [Case No. 11,986], and THE COURT (nem. con.) decided that the plaintiff was not confined to the remedy by a sale of the shares of a delinquent stockholder, but had a substantive cause of action against him for the subscription money; and that a subscriber could not discharge himself from his obligation by an abandonment of his shares.

## Case No. 11,986.

### ROCKVILLE & W. TURNPIKE ROAD v. VAN NESS.

[2 Cranch, C. C. 449.] [1]

Circuit Court, District of Columbia. April Term, 1824.

CORPORATIONS — STOCK SUBSCRIPTION—ACTION TO RECOVER—ESTOPPEL.

1. The commissioner's book of subscriptions is prima facie evidence that the subscriptions were genuine, or made by persons duly authorized; and the fact that the defendant was appointed, by the stockholders, one of the managers, and had acted as such, is prima facie evidence of an admission, on his part, of the existence of the corporation.

[Cited in Turnbull v. Payson, 95 U. S. 421.]

[Cited in brief in Fisher v. Seligman, 75 Mo. 19.]

2. Directors de facto, of a corporate body are to be considered, prima facie, as directors de jure.

[Cited in U. S. v. Williams, Case No. 16,-713.]

3. It is not incumbent on the plaintiff to prove that the managers were elected by a majority of votes.

[Cited in Slocum v. Warren, 10 R. I. 122.]

4. It is not competent for any stockholder to deny the existence of a corporation.

5. It is not competent for a real original subscriber to the company, who was one of the commissioners, named in the act of incorporation, for receiving subscriptions, and who acted as such, and who was afterwards, at a meeting of the stockholders, elected as one of the managers, and acted as such, to object, in an action by the company against him for not paying the instalments called for, that a sufficient number of shares had not been subscribed to justify such election.

This was an action on the case [by the president, managers, and company of the Rockville & Washington Turnpike Road] for $1,615, being the amount due from the defendant [John P. Van Ness,] for his subscription upon eighty-five shares of the capital stock. The plaintiffs read the act of Maryland of February 3, 1818, (c. 97,) entitled "An act to incorporate companies to make certain turnpike roads through the counties of Montgomery, Frederick, and

1 [Reported by Hon. William Cranch, Chief Judge.]

Washington, and for other purposes," and also the act of congress of February 15, 1819 (3 Stat. 482), entitled "An act to authorize the president and managers of the Rockville and Washington Turnpike," &c., and also the original subscription book opened at the city of Washington, by the defendant and the other commissioners named in the Maryland act, and the book containing the original minutes of the proceedings of the company, showing the time of the organization of the company, and the election of the defendant as one of the managers, and his acting as such, and the orders for the payment of the instalments, etc.

Mr. Hay, for defendant, contended that the plaintiff must show itself to be a body corporate, and must prove that the 1500 shares required by the charter to be subscribed, were actually taken by real bona fide subscribers, and offered evidence to prove that the subscription of J. H. Blake, for fifteen shares, as entered in the subscription book by the defendant, was so entered by the defendant without the authority of the said Blake; that it was made publicly without specifying or alleging any authority therefor; and was so made from a desire to complete the subscription in order to justify the organization of the company, and under an expectation that such subscription would be ratified by the said Blake, whose name was thus subscribed. Mr. Hay also offered to prove that so many of the subscriptions were made in the names of persons without their authority as would reduce the number of shares actually subscribed for below 1500, the number required by the charter as a prerequisite to the organization of the company.

Mr. Jones, contra. The company was actually organized, managers chosen, of whom the defendant was one. The plaintiff cannot be bound in an action against this defendant, a stockholder, to prove the handwriting of all the subscribers, nor that the subscriptions were bona fide. As against this defendant, the book of subscriptions is conclusive evidence. The plaintiff is only bound to prove that it is acting as a corporation de facto. This court has so decided in the case of Mechanics' Bank of Alexandria v. Minor [Case No. 9,385]. If it is a corporation de facto, it must be presumed to be so de jure, until those who exercise the franchise shall be removed by quo warranto.

THE COURT (nem. con.) refused to receive the evidence offered, saying that, as the defendant was a real original subscriber to the company, and was one of the commissioners for receiving the said subscriptions, and was elected one of the managers of the said company, and acted as such, in virtue of the said election, it was not competent for him, in this action, to object that a sufficient number of shares had not been subscribed to justify such election.

THE COURT also (nem. con.) was of opin-

ion that the commissioners' book of subscriptions is prima facie evidence that the subscriptions were genuine, or made by persons duly authorized, and that the fact that the defendant was elected one of the managers by the stockholders, and acted as such, is prima facie evidence of an admission, on his part, of the existence of the corporation. That directors de facto, of a corporate body, are to be considered prima facie as directors de jure, and that it was not incumbent on the plaintiff to prove that the managers were elected by a majority of votes. That it is not competent for any stockholder to make the objection to the existence of the corporation, inasmuch as they have chosen the president and managers; and have had all the benefits of the corporation. They cannot now set up as a defence their own want of power.

Verdict for the plaintiff, $1,405 with interest, &c.

The defendant took a bill of exceptions, but did not prosecute a writ of error.

[For subsequent actions by same plaintiffs against different defendants, see Cases Nos. 11,984 and 11,985.]

## Case No. 11,987.

### In re ROCKWELL et al.

[4 N. B. R. 243 (Quarto, 74).] [1]

District Court, E. D. New York. Oct. 14, 1870.

BANKRUPTCY—DISCHARGE—ASSETS—FIFTY PER CENT.

1. Where an application for a discharge had been made prior to July 14th, 1870, and a reference ordered to a register in bankruptcy to take necessary proofs and ascertain if the assets were not equal to fifty per cent. of the claims proved against the estate of the bankrupt, upon which he was liable as principal debtor, the register not having made his report thereon until after the amendment to the bankrupt act [16 Stat. 276], approved July 14th, 1870, the bankrupt filed a supplemental petition referring to the amendment of July 14th, 1870, and the court modified its original order of reference, and directed the register, in addition to the requirements of the first order, to determine and report whether the assets were equivalent to fifty per cent. of the debts and liabilities contracted after January 1st, 1869.

2. Upon the report of the register to the effect that he had examined the several papers before him (including a consent to the bankrupt's discharge). that the proofs appeared satisfactory; and there being no opposing interest. that the assets of the bankrupt were equal to fifty per cent. of claims proved on account of debts and liabilities contracted subsequent to January 1st, 1869, upon which he was liable as principal debtor. that the assent in number and value of creditors who had proved their claims on debts contracted subsequent to January 1st, 1869, had not been filed. and that under the amendments to the bankrupt act, approved July 27th, 1868 [15 Stat. 227], and July 14th, 1870 [16 Stat. 276], the bankrupt was entitled to his discharge. Discharge granted by the court.

The petition and application of the above named H. Lewis Woodruff for a discharge

[1] [Reprinted by permission.]

from his debts, having on the 11th day of March, 1870, come on to be heard, and it being alleged in behalf of said bankrupt, that due notice to his creditors has been given as required by law; and it appearing that the proceedings in this case were commenced after the 1st day of January, 1869: On motion of Mr. J. Benedict on behalf of said bankrupt, it is ordered that it be, and it is hereby referred to William H. Comstock, Esq., one of the registers in bankruptcy of this judicial district, to take the necessary proofs, and to ascertain and report to this court, with all convenient speed, whether the assets of the said bankrupt were or were not equal to fifty per cent. of the claims proved against the estate of the said bankrupt, upon which he is liable as the principal debtor, and which claims had been proved prior to the making of this order; and whether the assent in writing of a majority in number and value of the creditors of said bankrupt, to whom he had become liable as the principal debtor, and who had proved their claims, had been filed in this case before the time of the said hearing of the application for such discharge on the said 11th day of March, 1870, above mentioned, as required by the amendment to the bankruptcy act [15 Stat. 227], approved July 27th, 1868; and also, whether the said bankrupt has in all things conformed to his duty under the bankruptcy act of the United States and the amendments thereof, and is entitled, under the provisions thereof, to receive a discharge. And. it is further ordered, that the assignee of any creditor of said bankrupt, as well as the said bankrupt, may appear and produce proofs, and examine and cross-examine witnesses upon the said reference, and that the proceedings and report of the said register, in pursuance of this order, shall stand confirmed and be conclusive upon the questions hereby referred, unless the same shall be excepted to within the time and in the manner required by the rules and practice of this court.          N. K. Hall.

The petition of H. L. Woodruff, of the city of Utica, county of Oneida, and state of New York, respectfully showeth: That he. has already filed his petition to this court for his final discharge from his debts, in pursuance of the bankrupt act; and that prior to the 14th of July, 1870, an order was made by this court referring the matter to William H. Comstock, Esq., a register in bankruptcy, residing in Oneida county, to ascertain whether the assets of the late firm of James Rockwell & Co., of which he was a member, were equivalent to fifty per cent. of the debts and liabilities of said firm; but that since said order was granted, to wit: on the said 14th day of July, 1870, congress amended said act so as to require the fifty per cent. clause to apply only to those debts which were contracted since the 1st day of January, 1869, and not to those debts that